SEALED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.** 13-60029-CR-Scola/Brannon
**18 U.S.C. § 371**
**18 U.S.C. § 1343**
**18 U.S.C. § 1028A**
**18 U.S.C. § 2**
**18 U.S.C. § 981(a)(2)(B)**

**UNITED STATES OF AMERICA**

**vs.**

**HENRY DORVIL aka "D",**
**HERVE WILMORE JR.,**
**DUKENS ELEAZARD aka "DK",**
**MARIE ELEAZARD aka "FANFAN",**
**JESSE HARRELL,**
**LUCKNER ST FLEUR aka "NENE",**
**RUTH CARTWRIGHT aka "PRINCESS",**
**MIGUEL PATTERSON,**
**BRANDON JOHNSON,**
**JOHN SIMILIEN, and**
**MARC LEROY SAINT JUSTE,**

**Defendants.**
_______________________________/

FILED by ______ D.C.
FEB 07 2013
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – FT. LAUD.

# INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

At all times relevant to this Indictment:

1. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for enforcing and administering the tax laws of the United States, and collecting taxes owed to the United States.

2. An Electronic Filing Identification Number ( "EFIN") was a number assigned by the Internal Revenue Service to tax return preparers that were accepted into the electronic filing program ("e-file"). To become an authorized IRS e-file provider, a preparer had to submit an application and undergo a screening process to ensure that he or she was not a convicted felon.

3. A Preparer Tax Identification Number ("PTIN") was a number that must be obtained by all tax return preparers who are compensated for preparing, or assisting in the preparation of, all or substantially all of any United States federal tax return, claim for refund, or other tax form submitted to the IRS with limited exceptions. Beginning on January 1, 2011, all paid tax return preparers needed to have a PTIN.

4. A Refund Anticipation Loan (RAL) was a short-term consumer loan made in anticipation of a consumer's tax return being accepted and a refund being paid by the IRS. If the loan is approved, the financial institution authorizes the return preparer to print the check and disburse the funds to the taxpayer. The major financial institution involved in the RAL program was Santa Barbara Bank and Trust and its affiliated institutions which initially offered RALs until 2010 for the tax year 2009. Subsequently, Santa Barbara Bank and Trust and its affiliated institutions offered refund transfers in which the financial institution doesn't provide a loan, but instead waits for the United States Treasury to pay out the refund to the financial institution which then issues a check to the taxpayer in the amount of the refund, less the bank's fee and the preparer's fee.

5. A "means of identification" was any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including a name, social security number, or date of birth.

**COUNT ONE**
(Conspiracy-18 U.S.C. § 371)

6. The allegations contained in Paragraphs 1 through 5 of the Introduction Section of this Indictment are incorporated by reference as though re-alleged in their entirety herein.

7. From in or around 2008, the exact date being unknown to the Grand Jury, through on or about the date of this Indictment, at Broward and Miami-Dade Counties, in the Southern District of Florida and elsewhere, the defendants,

**HENRY DORVIL aka "D",**
**HERVE WILMORE JR.,**
**DUKENS ELEAZARD aka "DK",**
**MARIE ELEAZARD aka "FANFAN",**
**JESSE HARRELL,**
**LUCKNER ST FLEUR aka "NENE",**
**RUTH CARTWRIGHT aka "PRINCESS",**
**MIGUEL PATTERSON,**
**BRANDON JOHNSON,**
**JOHN SIMILIEN, and**
**MARC LEROY SAINT JUSTE,**

knowingly and willfully conspired and agreed with each other, and with other persons both known and unknown to the Grand Jury, to:

a. defraud the United States by impeding, impairing, obstructing and defeating the lawful governmental functions of the Internal Revenue Service of the Department of Treasury in the ascertainment, compilation, assessment and collection of the revenue, that is, federal income taxes.

b. commit an offense against the United States, that is, to knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and for obtaining money or property by means of false and fraudulent pretenses, representations or promises, and, for the

purpose of executing such scheme and artifice, transmit and cause to be transmitted, by means of wire communication in interstate commerce certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343;

c. commit an offense against the United States, that is, during and in relation to a felony violation of Title 18, United States Code, Section 1343, to knowingly transfer, possess or use, without lawful authority, the means of identification of another person, in violation of Title 18, United States Code, Section 1028A.

**OBJECT OF THE CONSPIRACY**

8. It was the the purpose and object of the conspiracy for the co-conspirators to unjustly enrich themselves by obtaining federal income tax refunds from the IRS to which they were not entitled.

**MANNER AND MEANS OF THE CONSPIRACY**

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose and object of this conspiracy, included, among other things, the following:

9. One or more of the co-conspirators would recruit knowing co-conspirators and unknowing victims to put businesses, bank accounts and EFIN's in their names, through which fraudulent transactions would be conducted;

10. One or more of the co-conspirators would use without lawful authority, the means of identification of actual individuals, some deceased, to prepare false and fraudulent income tax returns;

11. One or more of the co-conspirators would use or recruit others to use, without lawful authority, the means of identification of individuals to file false, fictitious and fraudulent income tax returns with the IRS;

12. One or more of the co-conspirators would obtain possession of fraudulently obtained refunds in the form of United States Treasury and RAL checks diverted to addresses or into bank accounts that they caused to be created and controlled;

13. One or more of the co-conspirators would negotiate fraudulently obtained federal income tax refunds in the form of United States Treasury checks and RAL checks within each other's businesses, and elsewhere, to avoid being detected;

14. One or more of the co-conspirators would take steps to conceal the existence of the conspiracy.

**OVERT ACTS**

15. In furtherance of the conspiracy, and to effect the objects thereof, at least one of the co-conspirators committed and caused to be committed, at Broward and Miami-Dade Counties, in the Southern District of Florida, at least one of the following overt acts, among others:

a. In or about 2008 and again in 2009, defendants HENRY DORVIL, HERVE WILMORE JR., DUKENS ELEAZARD and others known and unknown to the Grand Jury, attended back office meetings, each of which constitutes an overt act, at a tax preparation business in Hollywood, Florida, to discuss plans to generate, obtain, and negotiate fraudulently obtained federal income tax refunds in the form of United States Treasury and RAL checks within each other's businesses.

b. In or about 2009, defendants HENRY DORVIL and DUKENS ELEAZARD discussed, with an unknown male, the use of "burner" (i.e., temporary or disposable) EFINs to process fraudulent federal income tax returns and using other EFINs to process legitimate tax returns.

c. In or about 2009, defendants HENRY DORVIL and DUKENS ELEAZARD held a meeting with co-conspirators at which they discussed their goal to obtain thousands of identities (i.e., stolen means of identification) and process them in Tallahassee, Florida.

d. From on or about January 17, 2009, through on or about September 1, 2009, defendant HENRY DORVIL filed and caused to be filed with the IRS 1,653 federal income tax returns, using EFIN 659635 registered to HENRY DORVIL and "I.A.", requesting refunds totaling $8,105,446; including 419 fraudulent returns for deceased individuals, each of which constitutes an overt act, totaling $2,201,197 in false claims.

e. From on or about January 22, 2009, through on or about March 30, 2011, defendants HENRY DORVIL and DUKENS ELEAZARD received, in a Bank of America corporate account, in the name of Kings Enterprises & Tax Services, Inc., a substantial number of tax refunds, each such receipt constituting an overt act.

f. From on or about January 22, 2009, through on or about March 30, 2011, defendants HENRY DORVIL and DUKENS ELEAZARD wrote checks to defendants LUCKNER ST. FLEUR, HERVE WILMORE JR., MARIE ELEAZARD and other co-conspirators, each such check constituting an overt act.

g. From on or about January 30, 2009, through on or about July 31, 2011, defendant DUKENS ELEAZARD deposited and caused to be deposited into his Wachovia Bank account,

tax refund proceeds from Miami Gardens Check Cashing Store, LLC, Express Tax Group of Florida Inc., Lucky Star Financial & Taxes Services. LLC and Imperial Financial Capital, LLC, as well as substantial cash deposits, each such deposit constituting an overt act.

h. In or about the summer of 2009, defendant HENRY DORVIL instructed "T.D," who was seeking to open a tax return preparation business, to apply for an EFIN and get his fingerprints taken at a police station.

i. On or about August 6, 2009, defendant BRANDON JOHNSON registered and caused to be registered Miami Gardens Tax Center, LLC as a Florida Limited Liability Company with the Florida Department of State, Division of Corporations, listing, "J.D. Sr." as registered agent and "J.D." as the manager.

j. From on or about August 7, 2009, through on or about January 19, 2012, defendant HERVE WILMORE JR. registered and caused to be registered five separate mailboxes, each such registration constituting an overt act, with Post Office Box addresses, located at 4747 Hollywood Blvd, Hollywood Florida, under the name Worldwide Income Tax Multi Services LLC.

k. On or about October 9, 2009, defendants HERVE WILMORE JR. and DUKENS ELEAZARD registered and caused to be registered Worldwide Income Tax Multi Services LLC with the Florida Department of State, Division of Corporations listing "Herve J. Wilmore" as the registered agent and co-president and "Dukens Eleazard" as manager.

l. In or about October or November 2009, defendant MIGUEL PATTERSON caused the United States Postal Service to deliver to the IRS an EFIN application listing MIGUEL PATTERSON as the principal and responsible official for Miami Tax Center, LLC.

m. On or about November 2, 2009, defendant HENRY DORVIL caused "K.P." to register Express Tax Group of Florida Inc. as a for profit corporation with the Florida Department of State, Division of Corporations, with "K.P." as the registered agent and sole officer.

n. On or about November 6, 2009, defendant JESSE HARRELL registered and caused to be registered Miami Gardens Check Cashing Store, LLC, as a Florida Limited Liability Company with the Florida Department of State, Division of Corporations, listing himself as the registered agent and manager.

o. On or about November 24, 2009, defendant HENRY DORVIL caused the IRS to assign and activate EFIN 602326, for Express Tax Group of Florida Inc., with "K.P." as principal and responsible official.

p. On or about November 28, 2009, defendant BRANDON JOHNSON caused the IRS to assign and activate EFIN 602318 for Miami Gardens Tax Center, LLC, with "J.D." as the principal, manager and primary contact.

q. In or about late 2009, defendant RUTH CARTWRIGHT, the office manager at defendant HENRY DORVIL's tax preparation business in Hollywood, Florida, discussed with "S.J." applying for an EFIN in the name of "S.J."

r. In or about late 2009, defendant HENRY DORVIL falsely stated to "T.D," that his application for a Santa Barbara EFIN account, in order to open Tax Genius Inc., a tax return preparation business, was denied when, in fact, the application for EFIN 602340 was approved.

s. In or about January 2010, defendant HENRY DORVIL directed defendant MIGUEL PATTERSON and "T.D." to take "K.P." to Wachovia Bank where MIGUEL PATTERSON instructed "K.P." to withdraw all the money from the Wachovia Bank account.

t. On or about January 1, 2010, defendant JESSE HARRELL opened an account at Wachovia Bank in the name of Miami Gardens Check Cashing Store, LLC, listing himself as president and "Dukens Eleazard" as a manager.

u. On or about January 5, 2010, defendant RUTH CARTWRIGHT caused the IRS to assign and activate EFIN 602633 for "S.J.", registering "S.J." as the principal and responsible official for "S.J.'s" own sole-proprietorship.

v. From on or about January 12, 2010, through on or about May 4, 2011, defendant JESSE HARRELL deposited and caused to be deposited fraudulently obtained tax refund checks addressed to 4747 Hollywood Blvd, Hollywood, Florida, into the account at Wachovia Bank in the name of Miami Gardens Check Cashing Store, LLC, each such deposit constituting an overt act.

w. From on or about January 16, 2010, through on or about May 27, 2010, defendants HENRY DORVIL and MIGUEL PATTERSON filed and caused to be filed with the IRS 1,098 federal income tax returns, using EFIN 602326 registered to "K.P.", requesting refunds totaling $4,730,319; including 661 fraudulent returns for deceased individuals, each of which constitutes an overt act, totaling $2,786,946 in false claims.

x. From on or about January 16, 2010, through on or about February 23, 2011, defendant BRANDON JOHNSON filed and caused to be filed with the IRS 835 federal income tax returns, using EFIN 602318 registered to "J.D.", requesting refunds totaling $3,862,383;

including 37 returns for deceased individuals, each of which constitutes an overt act, totaling $155,802 in false claims.

y. From in or about January 16, 2010, through in or about March 6, 2012, defendant HENRY DORVIL filed and caused to be filed with the IRS 943 federal income tax returns, using EFIN 602340 registered to "T.D.", requesting refunds totaling $3,972,033; including 153 fraudulent returns for deceased individuals, each of which constitutes an overt act, totaling $596,394 in false claims.

z. From in or about January 2010, through in or about June 2011, defendant LUCKNER ST FLEUR deposited and caused to be deposited $248,694.25 in cash into the account at JPMorgan Chase Bank in the name of Lucky Star Cleaning Services, Inc., each such deposit constituting an overt act.

aa. On or about February 1, 2010, defendant MIGUEL PATTERSON opened an account at Bank of America, in the name of Miami Tax Center, LLC, listing himself as registered agent and sole manager.

bb. In or about February 2010, defendant MIGUEL PATTERSON received $63,924 in Santa Barbara RAL fees, from federal income tax returns submitted through "K.P.'s" EFIN, into a Bank of America account in the name of Miami Tax Center, LLC, each such receipt constituting an overt act.

cc. In or about July 2010, defendant DUKENS ELEAZARD requested "P.J." apply for an EFIN and directed "P.J." to get fingerprinted for her EFIN application.

dd. On or about November 2, 2010, defendant DUKENS ELEAZARD caused the IRS to assign and activate EFIN 603773 in the name of "P.J.".

ee. During in or about 2010, defendant RUTH CARTWRIGHT paid "S.J." $300 per week to use "S.J.'s" EFIN 602633 at a tax preparation business located at 3948 Pembroke Road in Hollywood, Florida, each such payment constituting an overt act.

ff. In or about 2010, defendant HERVE WILMORE JR. filed and caused to be filed with the IRS income tax returns claiming approximately $44,000 in federal income tax refunds, listing the 4747 Hollywood Blvd Post Office Box addresses he controlled, each such filing of a return constituting an overt act.

gg. In or about 2010, defendant HERVE WILMORE JR. received twenty-seven fraudulently obtained United States Treasury tax refund checks in the total amount of $43,007.74 at an apartment in Hollywood, Florida, each such receipt of a check constituting an overt act.

hh. From in or about September 2010, through in or about December 2010, defendant MARIE ELEAZARD cashed fraudulently obtained United States Treasury tax refund checks for a co-conspirator, each such cashing of a check constituting an overt act.

ii. In or about October 2010, defendant RUTH CARTWRIGHT caused the IRS to assign and activate EFIN 603773 for Tax Experts LLC, listing "V.H." as the principal and responsible official.

jj. In or about 2010, defendant RUTH CARTWRIGHT sold EFIN 603773 registered to "V.H." to a co-conspirator for $9,000.

kk. On or about November 30, 2010, defendant LUCKNER ST FLEUR opened an account at Wachovia Bank in the name of Lucky Star Check Cashing Services, LLC, listing himself as the manager and sole signator.

ll. From on or about November 30, 2010, through on or about January 26, 2012, defendant LUCKNER ST FLEUR deposited and caused to be deposited fraudulently obtained tax refund checks addressed to 4747 Hollywood Blvd, Hollywood Florida, into the account at Wachovia Bank in the name of Lucky Star Check Cashing Services LLC, each such deposit constituting an overt act.

mm. From on or about November 30, 2010, through on or about January 26, 2012, defendant LUCKNER ST FLEUR issued and caused to be issued checks drawn on the account at Wachovia Bank in the name of Lucky Star Check Cashing Services, LLC, to defendant MARIE ELEAZARD and other co-conspirators, each such check constituting an overt act.

nn. From in or about January 2011, through in or about March 2012, defendant DUKENS ELEAZARD filed and caused to be filed with the IRS 921 federal income tax returns, using EFIN 603968 registered to "P.J.", requesting refunds totaling $3,394,311; including 525 returns for deceased individuals, each of which constitutes an overt act, totaling $1,508,094 in false claims.

oo. From on or about January 18, 2011, through on or about September 15, 2011, defendant RUTH CARTWRIGHT filed and caused to be filed with the IRS 762 federal income tax returns, using EFIN 602633 registered to "S.J.", requesting refunds totaling $2,635,549; including 514 returns for deceased individuals, each of which constitutes an overt act, totaling $1,645,435 in false claims.

pp. From on or about January 22, 2011, through on or about March 3, 2012, defendant RUTH CARTWRIGHT filed and caused to be filed with the IRS 552 federal income tax returns, using EFIN 603773 registered to "V.H.", requesting refunds totaling $1,767,903;

including 454 returns for deceased individuals, each of which constitutes an overt act, totaling $1,379,511 in false claims.

qq. From on or about January 15, 2011, through on or about October 20, 2011, defendant JOHN SIMILIEN filed and caused to be filed with the IRS 197 federal income tax returns using EFIN 604552 in his name, using without lawful authority, the means of identification of other persons, each of which constitutes an overt act, totaling $522,934 in false claims.

rr. On or about April 5, 2011, defendant HENRY DORVIL, explaining why he charged a fee of 40% to cash tax refund checks (i.e., 40% of the face value of fraudulently obtained tax refund checks), stated to a co-conspirator, "Guess what, when the shit hit the fan and I need to get lawyered up, who would I go to? What would I do? What do I do when I need to get lawyered up, when I need to get bonded out if some shit hit the fan?"

ss. On or about April 12, 2011, defendant HENRY DORVIL stated to a co-conspirator, "What's done is done ... all we can do is try to figure out how to protect ourselves. Cuz what's done is already done."

tt. In or about 2011, defendant HERVE WILMORE JR. filed and caused to be filed with the IRS $642,612 in federal income tax refund claims using the 4747 Hollywood Blvd Post Office Box addresses he controlled, and did receive $244,820.05 in United States Treasury tax refund checks, each such filing of a claim constituting an overt act.

uu. In or about 2012, defendant HERVE WILMORE JR. filed and caused to be filed with the IRS $4,941,765 in federal income tax refund claims using the 4747 Hollywood Blvd Post Office Box addresses he controlled, and did receive $169,641.42 in United States Treasury tax refund checks, each such filing of a claim constituting an overt act.

vv. On or about January 26, 2012, defendant LUCKNER ST FLEUR possessed, at Lucky Star Check Cashing Services LLC, folders containing both originals and photocopies of fraudulently obtained United States Treasury tax refund checks and photocopies of driver's licenses with forged signatures.

ww. On or about April 13, 2012, defendant JOHN SIMILIEN falsely stated to IRS agents that he had not been fingerprinted as part of his EFIN application at the Plantation Police Department for EFIN 604552.

xx. On or about April 14, 2012, defendant MARC LEROY SAINT JUSTE traveled to the Fort Lauderdale-Hollywood International Airport on a flight from Haiti.

yy. On or about April 14, 2012, defendant MARC LEROY SAINT JUSTE, upon being questioned by federal officials at the Fort Lauderdale-Hollywood International Airport, attempted to orally ingest four United States Treasury tax refund checks, addressed to the 4747 Hollywood Blvd location controlled by defendant HERVE WILMORE JR., and six RAL tax refund checks, all bearing the names of other individuals, all totaling approximately $62,769.

All in violation of Title 18, United States Code, Section 371.

**COUNTS TWO THROUGH TWENTY-THREE**
(Wire Fraud-18 U.S.C. § 1343)

1. The allegations contained in Paragraphs 1 through 5 of the Introduction Section of this Indictment are incorporated by reference as though re-alleged in their entirety herein.

2. From in or about January 2008, through on or about the date of this Indictment, at Broward and Miami-Dade Counties, in the Southern District of Florida and elsewhere, the below-listed defendants did knowingly and with intent to defraud, devise and intend to devise a

scheme and artifice to defraud, and for obtaining money and property from others by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material fact, and for the purpose of executing the scheme and artifice to defraud, did knowingly transmit or cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, to wit: electronically filed tax returns to the IRS, as more particularly described in each count below.

## THE MANNER AND MEANS

3. The allegations contained in Paragraphs 9 through 14 of Count One of this Indictment are incorporated by reference as though re-alleged in their entirety herein.

## THE WIRE COMMUNICATIONS

4. On or about the dates listed below, at Broward and Miami-Dade Counties, in the Southern District of Florida and elsewhere, the below-listed defendant, as set forth in each Count below, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, that is, from a location in Florida to an IRS service center not located in Florida, certain writings, signs, signals, pictures, and sounds, as more specifically described for each Count below:

| COUNT | DEFENDANT | DATE | WIRE COMMUNICATION |
|---|---|---|---|
| Two | HENRY DORVIL | February 9, 2010 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "D. B." |
| Three | HENRY DORVIL | January 30, 2010 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "W. M." |

| | | | |
|---|---|---|---|
| Four | HERVE WILMORE JR. | January 19, 2011 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "M. M." |
| Five | HERVE WILMORE JR. | January 31, 2011 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "C.A." |
| Six | DUKENS ELEAZARD | March 13, 2010 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "E.M. J." |
| Seven | DUKENS ELEAZARD | March 13, 2010 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "C.R. J." |
| Eight | MARIE ELEAZARD | March 13, 2010 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "R.H." |
| Nine | MARIE ELEAZARD | April 7, 2010 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "C.S." |
| Ten | JESSE HARRELL | February 2, 2011 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "M.A." |
| Eleven | JESSE HARRELL | February 5, 2011 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "W.A." |
| Twelve | LUCKNER ST FLEUR | January 31, 2011 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "C.A." |
| Thirteen | LUCKNER ST FLEUR | January 31, 2011 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "E.P." |
| Fourteen | RUTH CARTWRIGHT | March 10, 2011 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "M.F.A." |
| Fifteen | RUTH CARTWRIGHT | August 1, 2011 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "J.L." |

| | | | |
|---|---|---|---|
| Sixteen | MIGUEL PATTERSON | January 26, 2010 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "S.B." |
| Seventeen | MIGUEL PATTERSON | February 9, 2010 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "D. B." |
| Eighteen | BRANDON JOHNSON | April 26, 2010 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "J. L." |
| Nineteen | BRANDON JOHNSON | February 2, 2011 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "M.B." |
| Twenty | JOHN SIMILIEN | January 19, 2011 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "E.B." |
| Twenty-One | JOHN SIMILIEN | January 26, 2011 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "E.P." |
| Twenty-Two | MARC LEROY SAINT JUSTE | June 22, 2011 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "A.S." |
| Twenty-Three | MARC LEROY SAINT JUSTE | February 15, 2012 | an electronically filed Federal Income Tax Return, to the IRS, in the name of "L.M." |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNTS TWENTY-FOUR THROUGH FORTY-THREE**

(Aggravated Identity Theft-18 U.S.C. § 1028A)

1. The allegations contained in Paragraphs 1 through 5 of the Introduction Section of this Indictment are incorporated by reference as though re-alleged in their entirety herein.

2. On or about the dates listed below, at Broward and Miami-Dade Counties, in the Southern District of Florida and elsewhere, the below-listed defendants, during and in relation to a felony violation of Title 18, United States Code, Section 1343, that is, knowingly and intentionally devising and intending to devise a scheme and artifice to defraud, and for the purpose of executing the scheme and artifice, transmitted, and caused to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, as charged in Counts Two through Twenty-Three, did knowingly possess and use, without lawful authority, the means of identification of other persons, as more specifically described in each Count below:

| COUNT | DEFENDANT | DATE | MEANS OF IDENTIFICATION |
|---|---|---|---|
| Twenty-Four | HENRY DORVIL | February 9, 2010 | SSN xxx-xx-7922, belonging to "D.B.," used to submit a fraudulent federal income tax return |
| Twenty-Five | HENRY DORVIL | January 30, 2010 | SSN xxx-xx-9537, belonging to "W.M.," used to submit a fraudulent federal income tax return |
| Twenty-Six | HERVE WILMORE JR. | January 19, 2011 | SSN xxx-xx-5430, belonging to "M.M.," used to submit a fraudulent federal income tax return |
| Twenty-Seven | HERVE WILMORE JR. | January 31, 2011 | SSN xxx-xx-1888, belonging to "C.A.," used to submit a fraudulent federal income tax return |
| Twenty-Eight | DUKENS ELEAZARD | March 13, 2010 | SSN xxx-xx-9643, belonging to "E.M.J.," used to submit a fraudulent federal income tax return |

| | | | |
|---|---|---|---|
| Twenty-Nine | DUKENS ELEAZARD | March 13, 2010 | SSN xxx-xx-2846, belonging to "C.R.J.," used to submit a fraudulent federal income tax return |
| Thirty | MARIE ELEAZARD | March 13, 2010 | SSN xxx-xx-1111, belonging to "R.H.," used to submit a fraudulent federal income tax return |
| Thirty-One | MARIE ELEAZARD | April 7, 2010 | SSN xxx-xx-8807, belonging to "C.S.," used to submit a fraudulent federal income tax return |
| Thirty-Two | JESSE HARRELL | February 2, 2011 | SSN xxx-xx-7040 belonging to "M.A.," used to submit a fraudulent federal income tax return |
| Thirty-Three | JESSE HARRELL | February 5, 2011 | SSN xxx-xx-9478 belonging to "W.A.," used to submit a fraudulent federal income tax return |
| Thirty-Four | LUCKNER ST FLEUR | January 31, 2011 | SSN xxx-xx-1888 belonging to "C.A.," used to submit a fraudulent federal income tax return |
| Thirty-Five | LUCKNER ST FLEUR | January 31, 2011 | SSN xxx-xx-9970 belonging to "E.P.," used to submit a fraudulent federal income tax return |
| Thirty-Six | RUTH CARTWRIGHT | March 10, 2011 | SSN xxx-xx-5716 belonging to "M.F.A.," used to submit a fraudulent federal income tax return |
| Thirty-Seven | RUTH CARTWRIGHT | August 1, 2011 | SSN xxx-xx-7818 belonging to "J.L.," used to submit a fraudulent federal income tax return |
| Thirty-Eight | MIGUEL PATTERSON | January 26, 2010 | SSN xxx-xx-0570 belonging to "S.B.," used to submit a fraudulent federal income tax return |

| | | | |
|---|---|---|---|
| Thirty-Nine | MIGUEL PATTERSON | February 9, 2010 | SSN xxx-xx-7922 belonging to "D.B.," used to submit a fraudulent federal income tax return |
| Forty | BRANDON JOHNSON | April 26, 2010 | SSN xxx-xx-7235 belonging to "J..L.," used to submit a fraudulent federal income tax return |
| Forty-One | BRANDON JOHNSON | February 2, 2011 | SSN xxx-xx-9295, belonging to "M.B.," used to submit a fraudulent federal income tax return |
| Forty-Two | JOHN SIMILIEN | January 19, 2011 | SSN xxx-xx-7298, belonging to "E.B.,“ used to submit a fraudulent federal income tax return |
| Forty-Three | JOHN SIMILIEN | January 26, 2011 | SSN xxx-xx-3590, belonging to "E.P.," used to submit a fraudulent federal income tax return |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2

## CRIMINAL FORFEITURE

Forfeiture 1:

1. The allegations of Counts One through Forty-Three of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which a defendant has an interest, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c).

2. Upon conviction of any violation of Title 18, United States Code, Section 1343, as alleged in Counts Two through Twenty-Three of this Indictment, the defendants,

**HENRY DORVIL aka "D",**
**HERVE WILMORE JR.,**
**DUKENS ELEAZARD aka "DK",**
**MARIE ELEAZARD aka "FANFAN",**
**JESSE HARRELL,**
**LUCKNER ST FLEUR aka "NENE",**
**RUTH CARTWRIGHT aka "PRINCESS",**
**MIGUEL PATTERSON,**
**BRANDON JOHNSON,**
**JOHN SIMILIEN, and**
**MARC LEROY SAINT JUSTE,**

shall forfeit to the United States any property, real and personal, which constitutes or is derived from proceeds traceable to such violation, all pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), and the procedures outlined at Title 21, United States Code, Section 853.

The property subject to forfeiture includes, but is not limited to:

a. $443,449.07 seized from Wachovia #xxxxxxxxx3304;

b. a 2011 Cadillac Escalade EXT Premium Sport, VIN # 3GYT4NEF7BG189637, registered to Dukens Eleazard;

c. 2010 Nissan Maxima, VIN # 1N4AA5AP3AC836093, registered to Dukens Eleazard;

d. a 2011 Infiniti M37, VIN # JN1BY1AP1BM326844, registered to Marie Eleazard;

e. a 2010 Porsche, VIN # WP0AC2A72AL091176, purchased by Herve Wilmore Jr.

3. If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant,

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

Forfeiture 2

1. The allegations of Count One through Forty-Three of this Indictment are re-alleged and, by this reference, fully incorporated herein for the purpose of alleging forfeitures to the United States of America.

2. Further upon conviction of a violation of Title 18, United States Code, Section 1028A, as alleged in Counts Twenty-Four through Forty-Three of this Indictment, the defendants shall forfeit to the United States all of their right, title and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to such violation and any and all property used or intended to be used in any manner or part to commit or facilitate the commission of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(B), and the procedures set forth at Title 21, United States Code, Section 853.

The property subject to forfeiture includes, but is not limited to:

a. $443,449.07 seized from Wachovia #xxxxxxxxx3304;

b. a 2011 Cadillac Escalade EXT Premium Sport, VIN # 3GYT4NEF7BG189637, registered to Dukens Eleazard;

c. 2010 Nissan Maxima, VIN # 1N4AA5AP3AC836093, registered to Dukens Eleazard;

d. a 2011 Infiniti M37, VIN # JN1BY1AP1BM326844, registered to Marie Eleazard;

e. a 2010 Porsche, VIN # WP0AC2A72AL091176, purchased by Herve Wilmore Jr.

3. If the property described above as being subject to forfeiture, as a result of any act or omission of a defendant,

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of that defendant up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 981(a)(2)(B) and the procedures set forth at Title 21, United States Code, Section 853.

A TRUE BILL.

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

NEIL KARADBIL
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA** **CASE NO.** ____________

**vs.**

**HENRY DORVIL et al,**

**Defendant.**
____________/

# CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

____ Miami ____ Key West
_X_ FTL ____ WPB ____ FTP

New Defendant(s) Yes ____ No ____
Number of New Defendants ____
Total number of counts ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) __No__
List language and/or dialect ____________

4. This case will take __18__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

(Check only one) (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | ____ | Petty | ____ |
| II | 6 to 10 days | ____ | Minor | ____ |
| III | 11 to 20 days | X____ | Misdem. | ____ |
| IV | 21 to 60 days | ____ | Felony | ____ |
| V | 61 days and over | ____ | | |

6. Has this case been previously filed in this District Court? (Yes or No) __No__
If yes:
Judge: ____________ Case No. ____________
(Attach copy of dispositive order)
Has a complaint been filed in this matter? (Yes or No) __No__
If yes:
Magistrate Case No. ____________
Related Miscellaneous numbers: ____________
Defendant(s) in federal custody as of ____________
Defendant(s) in state custody as of ____________
Rule 20 from the ____________ District of ____________

Is this a potential death penalty case? (Yes or No) __No__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes __x__ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes __x__ No

____________
NEIL KARADBIL
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 219381

*Penalty Sheet(s) attached

REV 4/8/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **HENRY DORVIL, aka "D"**

**Case No:**______________________

Count #: 1

Conspiracy

Title 18, United States Code, Section § 371

* **Max. Penalty:** Five (5) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 2 and 3

Wire Fraud

Title 18, United States Code, Section § 1343

***Max. Penalty:** Twenty (20) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #:24 and 25

Aggravated Identity Theft

Title 18, United States Code, Section § 1028A

***Max. Penalty:** Two (2) years' imprisonment (mandatory consecutive), $250,000 fine, One (1) year supervised release

Count #:

______________________________________________

______________________________________________

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **HERVE WILMORE, JR.**

**Case No:**______________________

Count #: 1

Conspiracy

Title 18, United States Code, Section § 371

* **Max. Penalty:** Five (5) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 4 and 5

Wire Fraud

Title 18, United States Code, Section § 1343

***Max. Penalty:** Twenty (20) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 26 and 27

Aggravated Identity Theft

Title 18, United States Code, Section § 1028A

***Max. Penalty:** Two (2) years' imprisonment (mandatory consecutive), $250,000 fine, One (1) year supervised release

Count #:

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **DUKENS ELEAZARD**

**Case No:**______________________

Count #: 1

Conspiracy

Title 18, United States Code, Section § 371

* **Max. Penalty:** Five (5) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 6 and 7

Wire Fraud

Title 18, United States Code, Section § 1343

***Max. Penalty:** Twenty (20) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 28 and 29

Aggravated Identity Theft

Title 18, United States Code, Section § 1028A

***Max. Penalty:** Two (2) years' imprisonment (mandatory consecutive), $250,000 fine, One (1) year supervised release

Count #:

______________________________________________

______________________________________________

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **MARIE ELEAZARD**

**Case No:**________________________

Count #: 1

Conspiracy

Title 18, United States Code, Section § 371

* **Max. Penalty:** Five (5) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 8 and 9

Wire Fraud

Title 18, United States Code, Section § 1343

***Max. Penalty:** Twenty (20) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 30 and 31

Aggravated Identity Theft

Title 18, United States Code, Section § 1028A

***Max. Penalty:** Two (2) years' imprisonment (mandatory consecutive), $250,000 fine, One (1) year supervised release

Count #:

________________________________________

________________________________________

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **JESSE HARRELL**

**Case No:**________________________

Count #: 1

Conspiracy

Title 18, United States Code, Section § 371

* **Max. Penalty:** Five (5) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 10 and 11

Wire Fraud

Title 18, United States Code, Section § 1343

***Max. Penalty:** Twenty (20) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 32 and 33

Aggravated Identity Theft

Title 18, United States Code, Section § 1028A

***Max. Penalty:** Two (2) years' imprisonment (mandatory consecutive), $250,000 fine, One (1) year supervised release

Count #:

________________________________________

________________________________________

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **LUCKNER ST FLEUR**

**Case No:**______________________

Count #: 1

Conspiracy

Title 18, United States Code, Section § 371

* **Max. Penalty:** Five (5) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 12 and 13

Wire Fraud

Title 18, United States Code, Section § 1343

***Max. Penalty:** Twenty (20) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 34 and 35

Aggravated Identity Theft

Title 18, United States Code, Section § 1028A

***Max. Penalty:** Two (2) years' imprisonment (mandatory consecutive), $250,000 fine, One (1) year supervised release

Count #:

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **RUTH CARTWRIGHT**

**Case No:**______________________

Count #: 1

Conspiracy

Title 18, United States Code, Section § 371

* **Max. Penalty:** Five (5) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 14 and 15

Wire Fraud

Title 18, United States Code, Section § 1343

***Max. Penalty:** Twenty (20) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 36 and 37

Aggravated Identity Theft

Title 18, United States Code, Section § 1028A

***Max. Penalty:** Two (2) years' imprisonment (mandatory consecutive), $250,000 fine, One (1) year supervised release

Count #:

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **MIGUEL PATTERSON**

**Case No:**______________________

Count #: 1

Conspiracy

Title 18, United States Code, Section § 371

* **Max. Penalty:** Five (5) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 16 and 17

Wire Fraud

Title 18, United States Code, Section § 1343

***Max. Penalty:** Twenty (20) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 38 and 39

Aggravated Identity Theft

Title 18, United States Code, Section § 1028A

***Max. Penalty:** Two (2) years' imprisonment (mandatory consecutive), $250,000 fine, One (1) year supervised release

Count #:

______________________________________________

______________________________________________

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **BRANDON JOHNSON**

**Case No:**______________________

Count #: 1

Conspiracy

Title 18, United States Code, Section § 371

*** Max. Penalty:** Five (5) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 18 and 19

Wire Fraud

Title 18, United States Code, Section § 1343

***Max. Penalty:** Twenty (20) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 40 and 41

Aggravated Identity Theft

Title 18, United States Code, Section § 1028A

***Max. Penalty:** Two (2) years' imprisonment (mandatory consecutive), $250,000 fine, One (1) year supervised release

Count #:

______________________________

______________________________

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **JOHN SIMILIEN**

**Case No:**______________________

Count #: 1

Conspiracy

Title 18, United States Code, Section § 371

* **Max. Penalty:** Five (5) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 20 and 21

Wire Fraud

Title 18, United States Code, Section § 1343

***Max. Penalty:** Twenty (20) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 42 and 43

Aggravated Identity Theft

Title 18, United States Code, Section § 1028A

***Max. Penalty:** Two (2) years' imprisonment (mandatory consecutive), $250,000 fine, One (1) year supervised release

Count #:

______________________________________________

______________________________________________

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **MARC LEROY SAINT JUSTE**

**Case No:**______________________

Count #: 1

Conspiracy

Title 18, United States Code, Section § 371

* **Max. Penalty:** Five (5) years' imprisonment, $250,000 fine, three (3) years' supervised release

Counts #: 22 and 23

Wire Fraud

Title 18, United States Code, Section § 1343

***Max. Penalty:** Twenty (20) years' imprisonment, $250,000 fine, three (3) years' supervised release

Count #:

***Max. Penalty:**

Count #:

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**