UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60029-CR-SCOLA

UNITED STATES OF AMERICA

vs.

LUCKNER ST. FLEUR
        Defendant.
_____/

PLEA AGREEMENT

The United States of America and Luckner St. Fleur (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts One and Thirty-Four of the Indictment, which counts charge the defendant with Conspiring to Defraud the Government, in violation of Title 18, United States Code, Section 371, and Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A (a)(1).

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the

Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the court may impose, as to Count One, a statutory maximum term of imprisonment of up to five (5) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000 and may order restitution. As to Count Thirty-Four, a statutory mandatory consecutive term of imprisonment of two (2) years, followed by a term of supervised release of up to one (1) year. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000

4. The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses

committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court. The United States, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed: a) that the base offense level for the Title 18, United States Code, Section 371 conspiracy to violate § 1343 and/or 1028 conviction under USSG § 2B1.1(a)(1) is a level 7; b) that there is a ten (16) level increase in the offense level under USSG § 2B1.1(b)(I) for a relevant loss amount resulting from the offense attributable to the defendant of more than $1,000,000; and c) that the defendant should not receive any adjustment for role in the offense pursuant to USSG § 3B1.1 or § 3B1.2.

8. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, or any other federal or state agency designated by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding, including but not limited to, any and all criminal or civil investigations and proceedings initiated by the United States; and (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office. In addition, the defendant agrees that he will not protect any person or entity through false information or commission, that he will not falsely implicate any person or entity and that he will not commit any further crimes.

9. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other matters as to warrant the Court's downward departure from the computed Guidelines sentence,

this Office may at or before sentencing make a motion consistent with the intent of Section 5K1.0 of the Sentencing Guidelines prior to sentencing reflecting that the defendant has provided assistance to the government and recommending that the defendant's sentence be reduced from the computed Guidelines sentence. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file any such motion and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion is concerned.

10. The United States agrees, in order to help ensure the defendant the opportunity to render assistance to the government in order to warrant a departure pursuant to Sentencing Guideline Section 5K1.0, to seek the postponement of sentencing proceedings for a reasonable period of time. It is understood by both parties that the scheduling of the defendant's sentencing and other proceedings are solely within the discretion of the Court.

11. The defendant understands and acknowledges that the Court is under no obligation to grant the motion referred to in paragraph 8 of this agreement should the government exercise its discretion to file any such motion. The defendant also understands and acknowledges that the Court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

12. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted

by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

13. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

14. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings unless

contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 7/25/13        By: _____
                          NEIL KARADBIL
                          ASSISTANT UNITED STATES ATTORNEY

Date: 7/25/13        By: _____
                          DAVID TUCKER
                          ATTORNEY FOR DEFENDANT

Date: 7/25/13        By: _____
                          LUCKNER ST. FLEUR
                          DEFENDANT

7